## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 7, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES G. DELBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0380** (BOR Appeal Nos. 2051342 & 2051596)
(Claim No. 970022786)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Mr. Delbert seeks the authorization for surgery, as well as the addition of secondary diagnoses as compensable components of his claim. On January 12, 2016, the claims administrator issued an Order denying Mr. Delbert's request for the authorization of lumbar surgery. On March 17, 2016, the claims administrator denied Mr. Delbert's request to add spinal stenosis, lumbar region with neurogenic claudication as a secondary condition. The claims administrator also entered an Order dated March 30, 2016, which denied a request to add spinal stenosis, lumbar region, with neurogenic claudication as a secondary condition. The Workers' Compensation Office of Judges affirmed the January 12, 2016, Order denying lumbar surgery.

On September 9, 2016, the Office of Judges affirmed the Orders of the claims administrator dated March 17, 2016, and March 30, 2016, which denied adding additional diagnoses to the claim. This appeal arises from two separate Orders of the Board of Review dated March 21, 2017.[1] The Board of Review affirmed both Decisions by the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we affirm the decision of the Board of Review.

Mr. Delbert was working for McElroy Mine on October 3, 1996, when he suffered an injury to his low back while carrying supplies and lifting cables. He was diagnosed with acute

---

[1] On April 20, 2017, Mr. Delbert, by counsel, moved to consolidate the two decisions of the Board of Review dated March 21, 2016. The West Virginia Supreme Court of Appeals granted Mr. Delbert's motion on May 9, 2017.

1

lumbar strain. His claim was held compensable for sprain of the lumbar region on November 18, 1996. Displacement of lumbar intervertebral disc without myelopathy was subsequently added as a secondary condition in this claim. An MRI performed on October 28, 1996, revealed moderate spinal stenosis at L4-L5, and a left lateral herniated disc at L4-L5, a small central herniated disc slightly off midline toward the left at L5-S1, and degenerative arthritic changes at the posterior facets with a slight amount of fluid to the posterior facet at L4-L5 on the left.

Mr. Delbert underwent left L4-L5 and L5-S1 lumbar discectomies with an L5 hemi-laminectomy on January 23, 1997. The surgery was performed by Christopher Marquart, M.D. Mr. Delbert subsequently reached his maximum degree of medical impairment, and he returned to work on December 23, 1997. He was granted an 11% permanent partial disability award on March 18, 1998, based upon the recommendation of James Valuska, M.D.

Ten years after the original surgery, in 1997, Mr. Delbert underwent a second lumbar spine MRI on March 20, 2007. That MRI revealed a mild epidural enhancement anterior and to the left of the thecal sac and surrounding the left S1 nerve root and L5-S1; multilevel degenerative disc disease with mild spinal stenosis at T12-L1 and L1-L2; moderate spinal stenosis and mild bilateral foraminal stenosis at L2-L3; moderate to severe spinal stenosis and foraminal stenosis at L3-L4; severe spinal stenosis and foraminal stenosis at L4-L5, and mild to moderate spinal stenosis and foraminal stenosis at L5-S1.

An updated lumbar spine MRI was performed at Wheeling Hospital on September 20, 2015. The 2015 MRI revealed a congenitally small spinal canal with multilevel spinal stenosis due to superimposed spondylotic disease. The 2015 MRI also revealed moderate to severe spinal stenosis at L3-L4 and L4-L5 with mild spinal stenosis at L5-S1. Multilevel neural foraminal narrowing is present with bilateral neural foraminal narrowing most severe at L5-S1.

Mr. Delbert treated with neurosurgeon, Ronald Hargraves, M.D., on November 24, 2015. Dr. Hargraves reviewed the September 20, 2015, lumbar spine MRI, and noted that it showed severe stenosis at L3-L4 and L4-L5. Dr. Hargraves stated that "the canal has critically narrowed, particularly at L4-L5 and there is no hope that therapy would help this; therefore, we are going to proceed directly with surgery." On December 8, 2015, Aniruddha Logan, D.O., Mr. Delbert's treating physician, requested the authorization for lumbar decompression of stenosis surgery.

On January 8, 2016, Ronald Fadel, M.D., reviewed Mr. Delbert's medical records for a Utilization Review Report, which was for the purpose of addressing the request for authorization of decompression of stenosis surgery in the claim. Dr. Fadel noted that the presence of stenosis has been documented in this claim since an MRI was performed in 1996. An MRI performed in 2007 documented the progression of the stenosis; and, the most recent lumbar spine MRI, performed on September 20, 2015, documented a congenitally small spinal canal with multilevel spinal stenosis due to superimposed spondylotic disease. Dr. Fadel noted that it has been nearly twenty years since Mr. Delbert has been known to have spinal stenosis, which pre-dates his compensable injury and is not traumatic in origin. Dr. Fadel opined that Mr. Delbert could not have developed his stenosis as a result of his compensable injury. Dr. Fadel explained that "the evolving pathology such as facet arthropathy and degenerative spondylolisthesis which

2

contributes to the stenosis is age related and compounded by exogenous obesity." Dr. Fadel also opined that Mr. Delbert's stenosis could not have developed from the treatment of his compensable injury because stenoses are not known or reported as arising from previous discectomies or laminectomies. Dr. Fadel stated that it is a genetic condition mediated by disc degeneration. Dr. Fadel therefore concluded "on this basis and compounded by the intervening two decades during which the axial pathology has slowly developed on an age related basis, I am unable to support a conclusion of work injury relatedness or causation and thus recommend denial of coverage." On January 12, 2016, the claims administrator denied authorization for the surgery, based upon Dr. Fadel's opinion.

Following the claims administrator's Order denying surgery, Dr. Logan completed a Medical Statement dated February 8, 2016. Dr. Logan described the lumbar herniated disc with lumbar stenosis, and reported that the condition now requires surgical intervention, as outline by Dr. Hargraves. Dr. Logan noted that Dr. Hargraves opined that the progression of the condition is related to the work-related injury. Dr. Logan concluded that the lumbar pathology arising from Mr. Delbert's previous activity, was exacerbated by a work-related injury, and is a continuation and progression of his original lumbar claim.

In a Diagnosis Update Report dated February 3, 2016, Dr. Hargraves requested the addition of spinal stenosis of lumbar region with neurogenic claudication be added as a compensable component of the claim. In response to the section of the Diagnosis Update Form instructing him to "provide clinical findings for current diagnosis and advise how the present condition related to the compensable injury", Dr. Hargraves attached his May 19, 2015, and November 24, 2015, office notes. On November 24, 2015, Dr. Hargraves stated that Mr. Delbert is approaching non-ambulatory status with neurogenic claudication. He recommended surgery because the symptoms have progressed rather rapidly. By Order dated March 17, 2016, the claims administrator denied Dr. Hargraves's request to add spinal stenosis as a compensable condition in the claim, based upon Dr. Fadel's assessment.

Dr. Logan sent correspondence to the claims administrator on March 23, 2016, also requesting the addition of lumbar spinal stenosis as a secondary condition in this claim. By Order dated March 30, 2016, the claims administrator once again denied a request to add lumbar spinal stenosis as a secondary condition. The claims administrator based its decision upon the report and opinion of Dr. Fadel. Mr. Delbert protested all of the decisions of the claims administrator.

On May 9, 2016, the Office of Judges affirmed the claims administrator's January 12, 2016, Order denying authorization for surgery, on the basis that Dr. Logan's request for lumbar surgery was directed toward Mr. Delbert's spinal stenosis, which is not a compensable diagnosis. The Office of Judges stated that the diagnoses in the claim include lumbar sprain, and displacement of lumbar intervertebral disc without myelopathy. The Office of Judges noted that the additional diagnosis of spinal stenosis was denied by Order dated March 30, 2016, and concluded that the surgical request is for a non-compensable component. The Office of Judges affirmed the January 12, 2016, Order denying the request for surgery. Mr. Delbert appealed the decision to the Workers' Compensation Board of Review.

On September 9, 2016, the Office of Judges issued an Order affirming the claims administrator's March 17, 2016, and March 30, 2016, Orders denying the addition of spinal stenosis as a secondary condition in this claim. The Office of Judges found Dr. Fadel's report to be persuasive, and concluded that "it is more likely than not that the claimant's stenosis is not related to his work injury of October 3, 1996, but resulted from his non-compensable degenerative process." The Office of Judges concluded that Mr. Delbert's stenosis is unrelated to the compensable injury. Mr. Delbert appealed to the Workers' Compensation Board of Review.

The Board of Review issued two Orders on March 21, 2017, affirming the May 9, 2016, and September 9, 2016, Orders of the Office of Judges. After review, we agree with the findings and conclusions of the Board of Review. Diagnostic testing has documented Mr. Delbert's stenosis as "moderate" less than one month after the date of injury of October 3, 1996. His June 30, 1997, MRI documented that his stenosis was secondary to arthritic spurring to the posterior facets bilaterally, and his 2015 MRI documented that his multilevel spinal stenosis was due to superimposed spondylotic disease. Dr. Fadel, after reviewing the medical record, opined that Mr. Delbert could not have developed his stenosis as a result of his compensable injury, or from the treatment of his compensable injury. Mr. Delbert appealed the Board of Review's decisions.

On appeal, Mr. Delbert, by M. Jane Glauser, his attorney, seeks a reversal of the Board of Review's decisions, and argues that the evidence supports that the stenosis, and associated diagnoses, developed as a result of his compensable injury. Murray American Energy, Inc., by Aimee M. Stern, its attorney, asserts that Mr. Delbert's spinal stenosis did not develop as a result of the compensable injury. Dr. Fadel opined that Mr. Delbert could not have developed his stenosis as a result of his compensable injury, or from the treatment of his compensable injury. The Board of Review, and the Office of Judges, correctly affirmed the denial of the addition of stenosis as a compensable component of the claim. Because the requested surgery was to treat Mr. Delbert's pre-existing spinal stenosis, authorization was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker